**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel C. Powers, | No. CV 06-2109-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b). Counsel seeks $17,737.00 as a reasonable 406(b) attorney fee for his representation of Plaintiff in this social security case. Defendant filed a Response in which it states that it does not object to the amount sought.

Section 406(b) of the Social Security Act provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, no tin excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

In Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002), the United States Supreme Court stated that a district court reviews a petition for Section 406(b) fees "as an independent

1  check" to assure that contingency fee agreements between Social Security claimants and their
2  attorneys will "yield reasonable results in particular cases." Agreements are not enforceable
3  to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Id.
4  Within the 25 percent boundary, the attorney "must show that the fee sought is reasonable
5  for the services rendered." Id. The court should consider the character of the representation
6  and the results achieved in making its determination. Id. at 808. Attorney's fees may be
7  reduced in certain circumstances. For example, if the attorney is responsible for delay, a
8  reduction is in order so that the attorney will not profit from the accumulation of benefits
9  during the pendency of the case in court. Id. Also, if the benefits are large in comparison
10 to the amount of time counsel spent on the case, a downward adjustment is similarly in order.
11 Id.

12       Plaintiff's counsel seeks $17,737.00. This amount is subject to the Equal Access to
13 Justice Act ("EAJA") offset of $5,800.00, resulting in a net award out of pocket of
14 $11,937.00. In counsel's application for fees under the EAJA, counsel indicated that he
15 expended 32.3 attorney hours representing Plaintiff at the district court level. This results
16 in an average attorney's fee rate of $549.13 per hour ($17,737.00 divided by 32.3 hours).
17 In light of the outcome counsel achieved for his client and the contingent and risky nature
18 of the recovery, the Court finds the amount sought to be reasonable under Gisbrecht.

19       **Accordingly,**

20       **IT IS ORDERED,** granting Plaintiff's Attorney's Motion for Award of Attorney's
21 Fees Under 42 U.S.C. § 406(b) (Doc. 33).

22       DATED this 27th day of June, 2008.

_____
Mary H. Murguia
United States District Judge

- 2 -